# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOAO CONTROL & MONITORING SYSTEMS, LLC, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. _____ ) |
| v. | ) ) ) JURY TRIAL DEMANDED |
| FORD MOTOR COMPANY, | ) ) |
| Defendant. | ) ) ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Joao Control & Monitoring Systems, LLC ("Plaintiff" or "JCMS"), by and through its undersigned counsel, files this Complaint for Patent Infringement against Defendant Ford Motor Company, ("Defendant" or "Ford") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 6,542,076 entitled "*Control, Monitoring And/Or Security Apparatus And Method*" (hereinafter, the "'076 patent"; a copy of which is attached hereto as Exhibit A); United States Patent No. 6,542,077 entitled "*Monitoring Apparatus For A Vehicle And/Or A Premises*" (hereinafter, the "'077 patent;" a copy of which is attached hereto as Exhibit B); and United States Patent No. 7,397,363 entitled "*Control And/Or Monitoring Apparatus And Method*" (hereinafter, the "'363 patent"; a copy of which is attached hereto as Exhibit C). Plaintiff is the owner of the '076 patent, the '077 patent, and the '363 patent. Plaintiff seeks injunctive relief and monetary damages.

**PARTIES**

2.   Plaintiff is a limited liability company organized and existing under the laws of the state of Delaware.  Plaintiff maintains its principal place of business at 122 Bellevue Place, Yonkers, New York 10703.  Plaintiff is the owner of the patents-in-suit and possesses the right to sue for infringement and recover past damages.

3.   Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at One American Road, Dearborn, MI 48126.

**JURISDICTION AND VENUE**

1.   This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

2.   The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Delaware and in the District of Delaware; Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in the District of Delaware; Defendant has sought protection and benefit from the laws of the State of Delaware; Defendant regularly conducts business within the State of Delaware and within the District of Delaware; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware and in the District of Delaware.

3.   More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Delaware, and the District of Delaware.  Upon information and belief, Defendant and/or its customers have committed patent

infringement in the State of Delaware and in the District of Delaware, and/or has intentionally induced others to commit patent infringement in the State of Delaware and in the District of Delaware. Defendant solicits customers in the State of Delaware and in the District of Delaware. Defendant has many paying customers who are residents of the State of Delaware and the District of Delaware and who use Defendant's products and services in the State of Delaware and in the District of Delaware.

4. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT ('076 PATENT)

5. The '076 patent was duly and legally issued by the United States Patent and Trademark Office on April 1, 2003, after full and fair examination for systems and methods for controlling vehicle or premises systems using at least three control devices. Plaintiff is the owner of the '076 patent and possesses all substantive rights and rights of recovery under the '076 patent, including the right to sue for infringement and recover past damages.

6. Plaintiff is informed and believes that Ford owns, operates, advertises, controls, sells, and otherwise provides hardware and software comprising "control apparatuses for vehicle systems" including the Ford SYNC system, particularly as the SYNC system is used to access and utilize personalized online statement of vehicle status (via the "Vehicle Health Report"), to access directions from a home computer (via the "Send to SYNC" and "SYNC Destinations" System and Services), to access Bluetooth and Sirius audio streaming, and to obtain emergency response (via the "Ford SYNC 911 Assist" System and Services) ("the '076 Ford Accused Products and Services") and associated hardware and software. Upon information and belief, Ford has infringed and continues to infringe one or more claims of the '076 patent by making,

using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, vehicles including the '076 Ford Accused Products and Services. More particularly, Plaintiff is informed and believes that Ford provides hardware and software configured to remotely control one or more vehicle communications and diagnostic systems in a manner claimed in the '076 patent.

7. Ford is also liable for inducing infringement of the '076 patent under 35 U.S.C. § 271 by users of its vehicles by making, selling, and/or offering for sale vehicles equipped with the '076 Ford Accused Products and Services that directly infringe the '076 patent in the course of their ordinary operation as designed, and/or by providing instructions to users of such vehicles through user manuals and/or instructions on Ford's web site to use such vehicles in an infringing manner.

8. Ford has had actual knowledge of the '076 patent since at least August 21, 2012, when Plaintiff requested Defendant's permission to add claims of patent infringement based on the '076 patent to a co-pending action. On information and belief, Ford has known and intended that the actions of the users of vehicles equipped with the '076 Ford Accused Products and Services as designed and according to Ford's instructions would result in infringement, or Ford deliberately failed to investigate and thereby remained willfully blind to this fact.

9. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

10. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

11. Defendant's infringement of Plaintiff's exclusive rights under the '076 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II – PATENT INFRINGEMENT ('077 PATENT)

12. The '077 patent was duly and legally issued by the United States Patent and Trademark Office on April 1, 2003, after full and fair examination for systems and methods for controlling vehicle or premises systems using at least three control devices. Plaintiff is the owner of the '077 patent and possesses all substantive rights and rights of recovery under the '077 patent, including the right to sue for infringement and recover past damages.

13. Plaintiff is informed and believes that Ford owns, operates, advertises, controls, sells, and otherwise provides hardware and software comprising "control apparatuses for vehicle systems" including the Ford SYNC system, particularly as the SYNC system is used to access and utilize personalized online statement of vehicle status (via the "Vehicle Health Report") and to obtain emergency response (via the "Ford SYNC 911 Assist" System and Services) ("the '077 Ford Accused Products and Services") and associated hardware and software. Upon information and belief, Ford has infringed and continues to infringe one or more claims of the '077 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, vehicles including the '077 Ford Accused Products and Services. More particularly, Plaintiff is informed and believes that Ford provides hardware and software configured to remotely control one or more vehicle communications and diagnostic systems in a manner claimed in the '077 patent.

14. Ford is also liable for inducing infringement of the '077 patent under 35 U.S.C. § 271 by users of its vehicles by making, selling, and/or offering for sale vehicles equipped with

the '077 Ford Accused Products and Services that directly infringe the '077 patent in the course of their ordinary operation as designed, and/or by providing instructions to users of such vehicles through user manuals and/or instructions on Ford's web site to use such vehicles in an infringing manner.

15. Ford has had actual knowledge of the '077 patent since at least August 21, 2012, when Plaintiff requested Defendant's permission to add claims of patent infringement based on the '077 patent to a co-pending action. On information and belief, Ford has known and intended that the actions of the users of vehicles equipped with the '077 Ford Accused Products and Services as designed and according to Ford's instructions would result in infringement, or Ford deliberately failed to investigate and thereby remained willfully blind to this fact.

16. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

17. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

18. Defendant's infringement of Plaintiff's exclusive rights under the '077 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT V – PATENT INFRINGEMENT ('363 PATENT)

19. The '363 patent was duly and legally issued by the United States Patent and Trademark Office on July 8, 2008, after full and fair examination for systems and methods for controlling vehicle or premises systems using at least three control devices. Plaintiff is the owner of the '363 patent and possesses all substantive rights and rights of recovery under the '363 patent, including the right to sue for infringement and recover past damages.

20. Plaintiff is informed and believes that Ford owns, operates, advertises, controls, sells, and otherwise provides hardware and software comprising "control apparatuses for vehicle systems" including the Ford SYNC system, particularly as the SYNC system is used to access and utilize personalized online statement of vehicle status (via the "Vehicle Health Report"), to access directions from a home computer (via the "Send to SYNC" and "SYNC Destinations" System and Services), and to obtain emergency response (via the "Ford SYNC 911 Assist" System and Services) ("the '363 Ford Accused Products and Services") and associated hardware and software. Upon information and belief, Ford has infringed and continues to infringe one or more claims of the '363 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, vehicles including the '363 Ford Accused Products and Services. More particularly, Plaintiff is informed and believes that Ford provides hardware and software configured to remotely control one or more vehicle communications and diagnostic systems in a manner claimed in the '363 patent.

21. Ford is also liable for inducing infringement of the '363 patent under 35 U.S.C. § 271 by users of its vehicles by making, selling, and/or offering for sale vehicles equipped with the '363 Ford Accused Products and Services that directly infringe the '363 patent in the course of their ordinary operation as designed, and/or by providing instructions to users of such vehicles

7

through user manuals and/or instructions on Ford's web site to use such vehicles in an infringing manner.

22.     Ford has had actual knowledge of the '363 patent since at least August 21, 2012, when Plaintiff requested Defendant's permission to add claims of patent infringement based on the '363 patent to a co-pending action.  On information and belief, Ford has known and intended that the actions of the users of vehicles equipped with the '363 Ford Accused Products and Services as designed and according to Ford's instructions would result in infringement, or Ford deliberately failed to investigate and thereby remained willfully blind to this fact.

23.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

24.     Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

25.     Defendant's infringement of Plaintiff's exclusive rights under the '363 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

26.     Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

27.     Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. An adjudication that one or more claims of the '076 patent have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant and/or by others to whose infringement the Defendant has contributed and/or by others who infringement has been induced by Defendant;

b. An adjudication that one or more claims of the '077 patent have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant and/or by others to whose infringement the Defendant has contributed and/or by others who infringement has been induced by Defendant;

c. An adjudication that one or more claims of the '363 patent have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant and/or by others to whose infringement the Defendant has contributed and/or by others who infringement has been induced by Defendant;

d. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '405 patent, the '130 patent, the '076 patent, the '077 patent, and the '363 patent;

e. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

  f. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

  g. Any further relief that this Court deems just and proper.

Dated:  November 15, 2012    STAMOULIS & WEINBLATT LLC

               */s/ Stamatios Stamoulis*
               Stamatios Stamoulis #4606
                  stamoulis@swdelaw.com
               Richard C. Weinblatt #5080
                  weinblatt@swdelaw.com
               Two Fox Point Centre
               6 Denny Road, Suite 307
               Wilmington, DE 19809
               Telephone: (302) 999-1540

Of Counsel:

| | |
|---|---|
| Steven W. Ritcheson, Esq. | Maureen V. Abbey |
| *Pro Hac Vice Application to be Filed* | *Pro Hac Vice Application to be Filed* |
| **HENINGER GARRISON DAVIS, LLC** | **HENINGER GARRISON DAVIS, LLC** |
| 9800 D. Topanga Canyon Blvd., #347 | NJ Bar No. 20782005 |
| Chatsworth, CA  91311 | 220 Saint Paul Street |
| Telephone: 818-274-1883 | Westfield, New Jersey 07090 |
| Facsimile:  818-337-0383 | Telephone: (908) 379-8475 |
| Email  swritcheson@hgdlawfirm.com | Facsimile: (908) 301-9008 |
| | E-mail: maureen@hgdlawfirm.com |
| | |
| | Jacqueline K. Burt, Esq. |
| |  *Pro Hac Vice Application to be Filed* |
| | **HENINGER GARRISON DAVIS, LLC** |
| | 3621 Vinings Slope, Suite 4320 |
| | Atlanta, GA 30339 |
| | Telephone:  (404) 996-0861 |
| | Facsimile:  (205) 547-5502 |
| | Email:  jburt@hgdlawfirm.com |

               ***Attorneys for Plaintiff Joao Bock Transaction Systems, LLC***